IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TRAVIS PIERRE STEWART**, | Case No. 3:15-cv-02024-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **WESTROCK**, | |
| Defendant. | |

Travis Pierre Stewart, 1221 SE Ellsworth Road, Apartment P167, Vancouver, WA 98664, *pro se*.

Eric A. Lindenauer and Eryn Karpinski Hoerster, GARVEY SCHUBERT BARER, 121 SW Morrison Street, Suite 1100, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Travis Pierre Stewart ("Plaintiff") brings this action *pro se* against his former employer, WestRock ("Defendant"). Before the Court is Defendant's motion to dismiss. ECF 21. For the reasons that follow, Defendant's motion is granted and Plaintiff's amended complaint is dismissed without prejudice and with leave to amend.

**STANDARDS**

**A.  Motion to Dismiss**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

## B. *Pro Se* Pleadings

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Plaintiff filed an application for leave to proceed *in forma pauperis* and a complaint in this case on October 27, 2015. ECF 1, 2. The Court granted Plaintiff's application to proceed *in forma pauperis*, but dismissed his complaint without prejudice and with leave to re-file for failure to state a claim. ECF 6 (November 2, 2015 Order). Plaintiff filed an amended complaint on November 17, 2015, ECF 8, which Defendant now moves to dismiss.

Plaintiff's amended complaint brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"); the Americans with Disabilities Act of 1990, 29 U.S.C. §§ 621-634 ("ADA"); Oregon employment discrimination law, ORS § 659A.030; Oregon employment discrimination against persons with disabilities law, ORS § 659A.112; and

PAGE 3 – OPINION AND ORDER

common law wrongful termination. ECF 8 at 1-2. Plaintiff's amended complaint names WestRock, formerly RockTenn, as Defendant.[1] *Id.* at 1. Plaintiff is African-American and alleges that Defendant discriminated against him based on his race and because of his severe allergies. *Id.* at 3. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in April 2015 and the EEOC issued a right to sue letter in August 2015. *Id.* at 4.

Plaintiff alleges that in December 2011, his shift supervisor began calling him "Radio," a reference to a developmentally disabled African-American movie character. *Id.* at 6. In August 2012, his shift supervisor called him "Buckwheat," which Plaintiff also considered to be a racial slur. *Id.* at 8. Plaintiff often missed work due to his severe allergies, and eventually was suspended because of his absences. *Id.* at 6-7. Defendant terminated Plaintiff in September 2012 because of his poor attendance. *Id.* at 8. Plaintiff explained to the plant manager that his absences were excused by his doctor and qualified for the Family Medical Leave Act ("FMLA"). *Id.* The plant manager replied that if Plaintiff could show medical documentation, then he could have his job back. *Id.* Although Plaintiff returned to the job site later that month and gave the plant manager paperwork from Plaintiff's physician, he was not reinstated at that time. *Id.* at 9.

In December 2012, Plaintiff received a right to sue letter from the EEOC. *Id.* at 9. In October 2013, Plaintiff was successful in arbitration and RockTenn was ordered to return Plaintiff to his former position and pay back wages. *Id.* Plaintiff resumed working for RockTenn in February 2014. *Id.* In April 2014, Plaintiff filed a complaint with Bureau of Labor and

---

[1] Defendant clarifies that no legal entity named "WestRock" exists and that "WestRock Services, Inc." is the current name for the corporate entity that previously employed Plaintiff. WestRock Services, Inc. was formerly named Rock-Tenn Services, Inc. The corporation changed its name in September 2015. ECF 21 at 2 n.1; ECF 26 at 2-3; ECF 26 at 8-9 (Secretary of State Business Entity Data); *see also Harris v. Cty. of Orange*, 682 F.3d 1126 (9th Cir. 2012) (stating that a court "may take judicial notice of undisputed matters of public record").

PAGE 4 – OPINION AND ORDER

Industries alleging racial discrimination and retaliation resulting in the termination of his employment in September 2012. *Id.* at 10.

Plaintiff alleges a number of incidents that occurred after his reinstatement with RockTenn in February 2014 as follows:

- In July 2014, RockTenn suspended Plaintiff for taking time off due to a flare-up of his severe allergies. *Id.* at 10. RockTenn later determined that the suspension violated the company's attendance policy and Plaintiff was brought back to work and given back pay. *Id.*

- In August 2014, Plaintiff's supervisor, Kenny Baker, demanded that he work overtime. *Id.* When Plaintiff refused, Baker told him that he would be fired if he did not comply. *Id.* Plaintiff filed a grievance, and RockTenn found in his favor. *Id.* The incident was removed from his personnel file. *Id.*

- In February 2015, Plaintiff received a written disciplinary warning from another supervisor, Dan Reyes, for allegedly poor quality of work. *Id.* Plaintiff filed a grievance, and RockTenn agreed to dismiss the warning. *Id.* at 11.

- In February 2015, Reyes continuously sought Plaintiff out to "get to work." *Id.* Plaintiff alleges that it "was obvious to witnesses that Dan Reyes was going out of his way to approach [Plaintiff] multiple times while neglecting the rest of his shift duties." *Id.*

- In March 2015, RockTenn requested that Plaintiff visit an allergy specialist and have them complete accommodation paperwork. *Id.* Plaintiff did so. *Id.* Although RockTenn agreed to pay for the visit, Plaintiff never received reimbursement for his expenses. *Id.*

- In April 2015, Plaintiff repeatedly had to lift pallets that were over 75 pounds, although RockTenn had a safety policy stating that no employee should lift any pallet over 50 pounds. *Id.* Plaintiff filed a violation claim with the Occupational Health and Safety Administration. *Id.* RockTenn thereafter began enforcing the 50 pound policy. *Id.*

- On June 16, 2015, Plaintiff called RockTenn to let them know that he would not be able to come in to work. *Id.* at 11-12. A supervisor, Roscoe Jones, answered, stated "I'm not getting involved with this shit," and hung up on Plaintiff. *Id.* at 12.

- In June 2015, Plaintiff was using the restroom when Jones began "banging on the stall door" and told Plaintiff to "stop hiding out and get back to work." *Id.* Plaintiff filed a grievance for harassment as a result of the incident.

PAGE 5 – OPINION AND ORDER

- In August 2015, RockTenn terminated Plaintiff for accumulating too many absences. *Id.* Plaintiff alleges that the amount on his final paycheck is incorrect. *Id.*

Plaintiff requests compensatory and punitive damages as relief. *Id.* at 13.

## DISCUSSION

Defendant argues that Plaintiff's allegations regarding his employment between December 2011 and July 2014 are duplicative of his allegations in a previously-filed action, *Stewart v. RockTenn CP, LLC*, Case No. 3:13-cv-02147-AC,[2] and that Plaintiff cannot proceed on the same facts against the same party in two separate actions. The Court agrees that Plaintiff's factual allegations in the previously-filed action are virtually identical to the pre-July 2014 allegations in the amended complaint in this case. *Compare* Case No. 3:13-cv-02147-AC, ECF 57 (Supplemental and Third Amended Complaint) *with* ECF 8 (Amended Complaint). In Plaintiff's Response, however, Plaintiff clarifies that the present suit alleges that Defendant retaliated against Plaintiff for returning to his position, receiving the back pay award, and serving the third amended complaint in the previously-filed action on Defendant in June 2015. Thus, Plaintiff asserts, he provides the duplicative factual allegations merely as relevant background information.

Or. Rev. Stat. § 659A.030(1)(f) makes it unlawful "[f]or any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice." Similarly, under Title VII, it is "an unlawful employment practice for an

---

[2] The Court takes judicial notice of the filings in Case No. 3:13-cv-02147-AC. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (taking judicial notice of briefs and a transcript filed in another court). The Court notes that although the previously-filed action was pending at the time that Defendant filed its motion to dismiss, a final Judgment was entered in the previously-filed action on June 30, 2016. The Judgment dismissed Plaintiff's third amended complaint in its entirety. Case No. 3:13-cv-02147-AC, ECF 97 (Judgment).

employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3.

The analysis for retaliation in violation of ORS § 659A.030(1)(f) and 42 U.S.C. § 2000e-3 under Title VII is substantially similar, and courts often analyze such claims together. *See, e.g.*, *Warzecha v. Kemper Sports Mgt., Inc.*, 2012 WL 2396888, at *7 (D. Or. June 25, 2012) ("Retaliation claims brought under ORS 659A.030 and those brought under Title VII are analyzed in the same manner.") (citing *Dawson v. Entek Int'l*, 630 F.3d 928, 935 (9th Cir. 2011)). A properly-stated claim for retaliation under either of these two statutes has three required elements: (1) the plaintiff engaged in protected activity; (2) the employer subjected the plaintiff to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Manatt v. Bank of Am.*, 339 F.3d 792, 800 (9th Cir. 2003).

Plaintiff's amended complaint fails to allege sufficient facts regarding the first and third elements of a claim for retaliation under federal or state law.[3] Plaintiff does not allege any facts regarding the previously-filed action. Plaintiff additionally fails to allege any facts regarding a causal link between protected activity, such as filing the prior action, and an adverse employment action, such as his termination.

The Court finds that Plaintiff's amended complaint, as currently pleaded, fails to state a claim. It is not "absolutely clear," however, that the deficiencies could not be cured by further amendment. *See Karim-Panahi*, 839 F.2d at 623 (quotation marks omitted). Although Plaintiff may not, in this case, proceed on the factual allegations and claims he asserted in the previously-filed lawsuit, Plaintiff may further amend his complaint if he believes that he can state a claim for retaliation.

---

[3] The Court notes that termination may constitute an adverse employment action. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998).

PAGE 7 – OPINION AND ORDER

## CONCLUSION

Defendant's motion to dismiss (ECF 21) is GRANTED. If Plaintiff believes that he can remedy the deficiencies identified in this Opinion and Order, he may file a second amended complaint within 30 days. Failure to do so, or to seek an extension of time for good cause, will result in dismissal of this case.

**IT IS SO ORDERED**.

DATED this 6th day of July, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge